[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PARTIAL SUMMARY JUDGMENT
The plaintiff, New Haven Savings Bank (hereinafter "the plaintiff"), has brought this action against the defendants, Carol Topitzer, Oscar Topitzer and Marjorie Topitzer (hereinafter "the defendants") seeking monies apparently due on a mortgage note. In a two count complaint, the plaintiff alleges that the defendant owners (Oscar and Marjorie Topitzer) fraudulently conveyed certain property to Carol Topitzer in order to keep the plaintiff from satisfying debts owned by the defendant to the plaintiff. The plaintiff asks that the court set aside this transfer of title, and allow the plaintiff to foreclose on the property in order to satisfy its outstanding deficiency judgment.
The plaintiff has now moved for a partial summary judgment as to the liability of the defendants. In particular, the plaintiff argues that there are no genuine issues of material fact concerning its allegations that the transfer of property was fraudulent in that 1) the plaintiff's claim arose prior to the CT Page 6333 transfer of property; 2) the transfer was made without the transferor receiving a reasonably equivalent value in exchange for the transfer; and 3) the defendant owners became insolvent as a result of the transfer.
The defendants object to the motion for partial summary judgment and argue that there remain genuine issues of material fact. Specifically, the defendants argue that the plaintiff improperly failed to account for the value of the life estate the defendant owners received in exchange for the transfer of title. Moreover, the defendants argue that the value of the life estate is a matter best proved at trial by expert evidence and, therefore, inappropriate for the present motion for partial summary judgment.
"The standards governing . . . a motion for summary judgment are well established. Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . ." (Citations omitted; internal quotation marks omitted.) Rivera v. Double Atransportation, Inc., 248 Conn. 21, 24, ___ A.2d ___ (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id.
Pursuant to General Statutes § 52-552f (a), "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation."
According to the plaintiff there is no genuine issue of fact as to any of the conditions set forth in General Statutes §52-552f (a). First, the plaintiff points out that the first CT Page 6334 condition set forth in § 52-552f(a) is satisfied because its claim arose on June 12, 1987, while the transfer of property was made on November 7, 1996. Second, the plaintiff argues that, since the defendants have acknowledged that they received no money for the transfer of title, there is no question of fact that the transfer was made without receiving a reasonable equivalent value in exchange. Accordingly, the plaintiff argues that the life estate, which is also conditional, cannot be valued anywhere near to the reasonable equivalent of the transferred property. Finally, the plaintiff also maintains that there is no question of fact that as a result of the transfer, the defendants' debts are greater than all of the defendants' assets, thereby satisfying the final condition of § 52-552f(a)
As pointed out by the defendants, however, the plaintiff's calculations, including those that seek to figure the value of the defendants' assets, do not take into account the value of the life estate received by the defendants in exchange for the transfer of property. Even though the life estate is conditional, this court is not prepared to state that it is entirely meaningless or well below the reasonable equivalent value. As evident in numerous cases, many of which deal with the value of a life estate in the context of a divorce settlement, a life estate certainly has value. See Leduc v. Leduc, Superior Court, judicial district of New London at New London, Docket No. 535196 (April 4, 1996, Teller, J.); Samataro v. Samataro, Superior Court, judicial district of New London at New London, Docket No. 534793 (March 5, 1996, Teller, J.). Moreover, the determination of this value requires a case-by-case calculation and analysis of all relevant facts to ensure an adequate and equitable valuation. See 51 Am.Jur.2d, Life Tenants and Remaindermen, § 31 (1970) ("[i]t has been stated that in some states there is no fixed rule for estimating the value of a life estate, and that each case must be determined upon its own facts with the end in view of arriving at an equitable and just valuation"). See also State v. Goggin,208 Conn. 606, 618-20, 546 A.2d 250 (1988) (summary judgment inappropriate forum for finding that a fraudulent conveyance for purposes of public assistance occurred)
The court, therefore, finds that there are questions of fact which need to be addressed prior to a finding that the defendants fraudulently conveyed property. Chief among these factual questions is the determination of the value of the life estate received by the defendants in exchange for the property. Without the answer to this question, there remains a material issue of CT Page 6335 genuine fact as to whether the second and third conditions set forth in the fraudulent conveyance statute § 52-552f (a) have been met.
The plaintiff's motion for partial summary judgment, is, accordingly, denied.
The Court
Curran, J.